# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 10, 2017

```
* * * * * * * * * * * * *
```
KIMBERLY MILLER,                          *          UNPUBLISHED
                                          *
      Petitioner,                 *          No. 16-841V
                                          *
v.                                        *          Special Master Gowen
                                          *
SECRETARY OF HEALTH                       *          Petitioner's Motion for Dismissal;
AND HUMAN SERVICES,                       *          Trivalent Influenza ("Flu") Vaccine;
                                          *          Guillain-Barré Syndrome ("GBS").
      Respondent.                 *
```
* * * * * * * * * * * * *
```

Robert A. Tyler, Tyler Law Firm, Troy, MI, for petitioner.
Ryan D. Pyles, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On July 18, 2016, Kimberly Miller ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that she suffered injuries including Guillain-Barré Syndrome ("GBS") that were caused-in-fact by a trivalent influenza ("flu") vaccine received on October 7, 2014.  Petition at 1.

On May 9, 2017, petitioner filed a motion for a decision dismissing her petition. Petitioner's Motion (ECF No. 30).  The motion provided that "[a]n investigation of the facts and available science supporting her case has demonstrated to the petitioner that she will be unable to presently prove that she is entitled to compensation in the Vaccine Program."  Petitioner's Motion at ¶ 1.  Petitioner understands that a decision by the special master dismissing her petitioner will result in a decision against her.  Id. at ¶ 3.  Petitioner intends to protect her rights to file a civil action in the future.  Id. at ¶ 5.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover evidence that petitioner suffered a "Table Injury," and the record does not contain any persuasive evidence indicating that her alleged injuries were caused by the October 7, 2014, vaccine. Based on the medical records and respondent's Rule 4(c) report, petitioner's condition does not resemble GBS, but rather a rheumatologic condition such as systemic lupus erythematosus ("SLE"). In addition, the medical records most contemporaneous with the vaccine suggest that her symptoms began before the vaccine. On November 10, 2014, petitioner complained of bilateral hand pain "going on for [the] last few months," which would predate the vaccine. Petitioner's Exhibit 10 at 75. Additionally, on November 19, 2014, petitioner characterized her bilateral hand pain as "chronic [and] recurring." Id. at 72. These records do not seem to support petitioner's claim that the vaccine caused her injuries.

Under the Vaccine Act, petitioner may not be given a Program award based on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, there are insufficient medical records supporting petitioner's claim, and petitioner has not offered a medical opinion in support.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that the injuries were "actually caused" by the October 7, 2014, vaccine. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**/Thomas L. Gowen**
Thomas L. Gowen
Special Master